IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>Lang, Steven Marcy<br><br>Debtor(s)<br>Soc.Sec.No(s).: xxx-xx-8013 | CASE NO: 07-80238-WRS<br><br>CHAPTER: 13 |

☒ **Movant is willing to consider an adequate protection agreement.**
The motion will be served with a form for a proposed order agreeable to the moving party, leaving blank, where appropriate, amounts to be arrived at by way of negotiation or determined upon further factual development.

☐ **Movant is not willing to consider an adequate protection agreement.**
Pursuant to LBR 4001-1, the moving party seeks relief from the automatic stay. Unless a response is filed and served upon the moving party within 20 days from the date of service of this motion, the motion may be granted by the court without further notice or hearing.

## MOTION FOR RELIEF FROM AUTOMATIC STAY and CO-DEBTOR STAY FILED BY COUNTRYWIDE HOME LOANS

Comes now COUNTRYWIDE HOME LOANS, its principal, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to lift the automatic stay in the above-referenced Debtor(s)' Chapter 13 bankruptcy case, and to also lift the co-debtor stay, in effect for, Oliver S., Nora E. and Stephen Lang, and in support thereof, Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2. The Creditor holds a mortgage lien on the property commonly referred to as 261 Fontaine Drive, Auburn, AL 36830, and legally described in the Mortgage and Note.

3. The Debtor(s) and the Co-Debtor(s), Oliver S. and Nora E. Lang are both obligated unto the Creditor in accordance with the mortgage or mortgage loan. The Co-Debtor(s) is/are not (a) Debtor(s) in this Chapter 13 case.

4. The Debtor(s) and/or the Co-Debtor(s) is/are presently due, under the terms of the mortgage and mortgage loan, for the months of August, 2007 through the current date, plus late fees, attorneys fees and costs.

5. The Creditor has not received post-petition regular monthly routine maintenance mortgage payment(s). The mortgage and loan held by the Creditor is in post-petition default under the terms and conditions stated upon the face of the mortgage and loan documents. The Debtor(s) and/or the Co-Debtor(s) is/are in post-petition default.

6. The Debtor(s)' failure to make regular monthly routine maintenance mortgage payments unto the Creditor as they become due post-petition results in a unilateral modification of the mortgage and note between the parties in violation of 11 U.S.C. § 1322(b)(2).

7. The Debtor(s) has/have not made a good faith effort to provide for and make the regular monthly routine maintenance mortgage payments as they become due in a manner to ensure that the Creditor receives the regular monthly routine maintenance mortgage payments consistent with the terms of the mortgage and mortgage loan documents.

8. The Debtor(s) has/have willfully violated the terms and provisions of his/her/their Chapter 13 plan, and if applicable the order confirming said plan.

9. The Debtor(s)' actions have caused unreasonable delay that is prejudicial to the Creditor. Further, the Creditor is not adequately protected.

10. The Creditor desires to protect its interests and proceed with taking possession of the property.

## MOTION FOR RELIEF FROM CO-DEBTOR STAY

11. Oliver S. and Nora E. Lang are co-signers on the mortgage note between the parties.

12. The Debtor(s)' actions and plan provisions have failed to provide the Creditor adequate protection of its rights and interests under its mortgage, mortgage loan and security agreement.

13. The Creditor desires to pursue the Co-Debtor, Oliver S. and Nora E. Lang for this debt.

## WAIVER OF FED. R. BANKR. P. 4001(a)(3)

14. This is a Chapter 13 bankruptcy case. The Debtor(s) either know, should know, or have been informed by Debtor(s)' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor requests this court waive the ten day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

## FUTURE DEFAULT

15. Should this Honorable Court deny the Creditor's Motion for Relief from Automatic Stay, the Creditor would request that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor in the event that the Debtor should default on any future payments.

## ATTORNEYS FEE

16. The Creditor has had to incur additional expense in order to collect this post-petition debt in the form of attorneys fees and costs and requests this Court to award the Creditor reasonable attorneys fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will lift, modify, or terminate the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in force and effect in order that the Creditor may obtain possession of its collateral and may foreclose or liquidate its collateral under state law; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; waive the effect of Fed. R. Bankr. P. 4001(a)(3); or IN THE ALTERNATIVE, order an appropriate cure of the post-petition arrearage and default; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; and grant said Creditor future relief, modification, termination, or lifting of the automatic stay now in force and effect and shall further terminate the Co-Debtor stay now in force and effect in, should the Debtor(s) default on any future payments to be made unto said Creditor, in order that the Creditor may obtain possession of its collateral, may foreclose, or liquidate its collateral under state law.

Respectfully submitted,

*/s/ SRWalker*
Susannah R. Walker (WAL-158)
Attorney for Creditor

OF COUNSEL:
SIROTE & PERMUTT, P.C.
P. O. Box 55887
Birmingham, Alabama 35255-5887
205-930-5424/ fax 205-930-5101
swalker@sirote.com

# CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid or served via electronic case management to:

Charles M Ingrum, Sr.
P. O. Box 791
Alexander City, AL  35011

Steven Marcy Lang
261 Fountaine Drive
Auburn, AL  36830

Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101

Oliver S. Lang
261 Fontaine Drive
Auburn, AL  36830

Nora E. Lang
261 Fountaine Drive
Auburn, AL  36830

On this the __15__ day of __Oct_____, 2007.

_JRWalker_
OF COUNSEL

STATE OF                      )

COUNTY OF                )

## AFFIDAVIT

BEFORE ME, the undersigned, Notary Public, personally appeared_____, who is known to me and after being by me first duly sworn, deposes and says the following:

My individual responsibility is to administer mortgage loans in bankruptcy. Specifically, this includes monitoring loan payments. I hereby certify and state that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions, or occurrences to which they refer or within a reasonable time thereafter. My personal knowledge of this mortgage loan shows the following:

| | | |
|---|---|---|
| 1. | Loan No: | 109533797 |
| 2. | Debtor: | Steven Marcy Lang |
| 3. | Bankruptcy Case No: | 07-80238-WRS-13 |
| 4. | Property Description: | 261 Fontaine Drive, Auburn, AL 36830 |
| 5. | Net Principal Balance as of 10/15/2007 | 342,976.27 |
| 6. | Delinquent Status as of 10/15/2007 | Due for payment |

3 payments of 2403.55 each for Aug 1, 2007 through Oct 1, 2007      7210.65

2 late charges of 120.18 each for Aug, 2007 through Sep, 2007      240.36

Bankruptcy Attorney Fees and Costs for MFR      650.00

Total Post-petition Mortgage Arrearage      $8,101.01

The facts stated herein are true. In verification of the same, I subscribed my signature hereto.

Sworn to and subscribed before me on this the _____ day of _____, 2007.

_____
Affiant

Sworn to and subscribed before me on this the _____ day of _____, 2007.

_____
Notary Public
My Commission Expires: _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE: } | CASE NO: 07-80238-WRS |
| Lang, Steven Marcy } | |
| } | |
| } | CHAPTER: 13 |
| Debtor(s) } | |
| Soc.Sec.No(s).: xxx-xx-8013 } | |

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY and CO-DEBTOR STAY FILED BY COUNTRYWIDE HOME LOANS

This matter coming before the Court on the Motion for Relief from Automatic Stay filed by COUNTRYWIDE HOME LOANS (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Chapter 13 plan is hereby amended to provide for a fixed payment and add the post-petition mortgage arrearage plus the attorneys fees and costs in connection with Creditor's Motion for Relief from Stay. The Creditor shall file a claim for :

2. The Chapter 13 plan payments are hereby increased to $_____.
3. The fixed payments to the Creditor are increased to $_____ per month.
4. The Motion for Relief from Stay and Co-Debtor Stay filed by CREDITOR is hereby conditionally denied. However, should the Debtor fail to make any payment within thirty days from its due date beginning _____, the Motion for Relief from Stay is granted without further order of the Court.

Done this the ____ day of _____, 2007.

_____
United States Bankruptcy Judge

Prepared by:
Susannah R. Walker, Esquire
SIROTE & PERMUTT, P.C.
P. O. Box 55887
Birmingham, Alabama 35255-5887
205-930-5424/ fax 205-930-5101
swalker@sirote.com